**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                                              CASE NO. 6:09-CV-1674-Orl-36DAB

MICHAEL A. RIVERS and ARKR TRUST LLC,

    Defendants.
_____/

## FINAL JUDGMENT

This cause comes before the Court on Plaintiff Securities and Exchange Commission's ("Plaintiff") Motion to Reopen Case, Set Disgorgement and Prejudgement Interest, and Impose a Civil Penalty ("Plaintiff's Motion"), filed on September 12, 2011 (Doc. 41). On November 14, 2011, Defendant Michael A. Rivers ("Defendant Rivers") filed a Response in opposition (Doc. 44). After being granted leave of Court, Plaintiff filed a Reply on November 30, 2011 (Doc. 47). An evidentiary hearing on Plaintiff's Motion was held on August 22, 2012 (Doc. 60). At the hearing, the Court orally granted Plaintiff's Motion to the extent that it sought to reopen the case (Doc. 61). However, the Court allowed the parties to submit supplemental briefing before entering a written order on the remaining issues before the Court. On August 29, 2012, both parties submitted their supplemental briefing (Docs. 64, 65). Accordingly, this matter is ripe for review.

## BACKGROUND

On September 29, 2009, Plaintiff filed a Complaint against Defendant Rivers and ARKR Trust, LLC ("Defendant ARKR") (collectively, "the Defendants") asserting various violations of the Securities Exchange Act of 1934 (Doc. 1). On February 28, 2011, the Court entered an Order

granting Plaintiff's Motion to Approve Consent Judgment (Doc. 30). This Order, to which Defendant Rivers consented, precludes him from arguing that he did not violate the federal securities laws as alleged in the Complaint. *Id*. at 8. Furthermore, for the purposes of this disgorgement motion, the Court deems the allegations of Plaintiff's Complaint as true. *Id*. On April 27, 2011, the Court entered an Order administratively closing the matter, but allowed for the reopening of the case for the purposes of adjudicating a motion for disgorgement and a civil penalty (Doc. 32).

## **ANALYSIS**

In its motion, Plaintiff requests the Court to enter a judgment finding Defendant Rivers liable for disgorgement of $430,353 and prejudgment interest, and ordering him to pay a civil penalty of $130,000. The Plaintiff also requests the Court to find Relief Defendant ARKR Trust, LLC, jointly and severally liable for the total disgorgement and prejudgment interest amount. As previously ordered by the Court, Defendant Rivers is prohibited from arguing that he did not violate the federal securities laws as alleged in the Complaint. Instead, he argues that the significant reinvestment he made in his business makes disgorgement inappropriate in this case. *See* Doc. 64. To this end, at the hearing on August 22, 2012, Defendant Rivers offered the testimony of his wife, Kim Rivers, and documentary evidence. Kim Rivers testified regarding capital contributions and un-reimbursed expenses made on behalf of the business. The documentary evidence consisted of business expense statements.

Upon consideration of the parties written submissions, evidence at the hearing, and argument of counsel, the Court concludes that disgorgement in the amount of $430,353 is appropriate. Defendant Rivers failed to submit competent evidence that the disgorgement amount is not a reasonable approximation and should be reduced. Additionally, assuming the business expense

statements were un-reimbursed, courts have held that defendants should not be allowed to deduct expenses that are part of a fraud.  *See SEC v. JT Wallenbrock & Associates*, 440 F.3d 1109 (9th Cir. 2006); *SEC v. United Monetary Servs., Inc.*, No. 83-8540-CIV-PAINE, 1990 WL 91812 at *9 (S.D. Fla. May 18, 1990) Therefore, Defendant Rivers' argument is rejected.

## I.     Disgorgement and Prejudgement Interest

The Court finds that the Defendants, Rivers and ARKR, are jointly and severally liable for disgorgement of $430,353.00 representing ill gotten gains received as a result of Defendant Rivers' violations of the federal securities laws, together with $59,792.39 in prejudgment interest thereon, for a total disgorgement amount of $490,145.39.

## II.    Civil Penalty

The Court finds that pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(d)(3), Defendant Rivers shall pay a civil penalty in the amount of $130,000.00. Defendant Rivers shall not accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount he pays pursuant to this Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors.  Further, Defendant Rivers shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts he pays pursuant to this Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. Plaintiff Securities and Exchange Commission's Motion to Reopen Case, Set Disgorgement and Prejudgement Interest, and Impose a Civil Penalty (Doc. 41) is **GRANTED**:

    A. Defendant Rivers and Defendant ARKR are jointly and severally liable for disgorgement of $430,353.00, together with $59,792.39 in prejudgment interest thereon, for a total disgorgement amount of $490,145.39.

    B. Defendant Rivers shall pay a civil penalty in the amount of $130,000.00.

    C. Defendant Rivers and ARKR shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961

2. The Court finds that payment of disgorgement, prejudgment interest, and civil penalty shall be due and payable within **twenty-one (21) days** after entry of this Judgment. Defendant may transmit payment electronically to the Commission, which will provide instructions upon request. Payment may also be made directly from a bank account via Pay.Gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Rivers may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South McArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant Rivers' name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Rivers shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Rivers. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

**DONE AND ORDERED** at Orlando, Florida on September 12, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD